```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 1/14/08              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

CHILDREN'S LIBERATION DAY CARE CENTER,
INC., HOWARD NOURIELI, as Chairperson of
Children's Liberation Day Care Center, Inc., and
AMINATA MARAESA, on behalf of the Parents Advisory
Committee of the Children's Liberation Day Care Center,
Inc. and on behalf of the parents with children enrolled at
the Children's Liberation Day Care Center,

**STIPULATION OF
SETTLEMENT AND
DISCONTINUANCE**

07 Civ. 11210 (SHS)

                       Plaintiffs,

        -against-

JOHN B. MATTINGLY, as Commissioner of the
Administration for Children's Services of the City of New
York, the ADMINISTRATION FOR CHILDREN'S
SERVICES OF THE CITY OF NEW YORK,

                       Defendants.

------------------------------------------------------------------ x

**WHEREAS**, plaintiff Children's Liberation Day Care Center, Inc. ("CLDCC")

and the City of New York ("City"), acting by and through the Administration for Children's

Services ("ACS"), are parties to a certain contract for the provision of child care services dated

July 1, 2001, which was renewed by agreement dated May 5, 2004, modified by agreement dated

August 3, 2006, and extended by agreement dated March 8, 2007 ("Contract"), and

**WHEREAS**, the Contract was terminated effective January 4, 2008 by notice

dated October 26, 2007 ("Termination Notice"), and

**WHEREAS**, the City intends to renovate and rehabilitate the premises located at

150 and 154 First Avenue, New York, New York, which renovation and rehabilitation may pose

health and safety risks to all occupants of the Property, particularly children under the age of 13,

and

**WHEREAS**, by notices of dispute dated June 25, 2007 and November 28, 2007, CLDCC commenced two alternative dispute resolution proceedings pursuant to 9 Rules of the City of New York ("RCNY") § 4-09 ("ADR Proceedings") contesting, among other things, termination of the Contract, which are presently pending before the Comptroller of the City of New York ("Comptroller"), and

**WHEREAS**, by letter of its counsel dated November 28, 2007, CLDCC submitted a complaint to the U.S. Department of Health & Human Services ("HHS complaint"), and

**WHEREAS**, Plaintiffs previously commenced a proceeding in the Supreme Court of the State of New York, County of New York entitled <u>Children's Liberation Day Care Center, Inc. v. Mattingly,</u> under Index No. 113819/07, which proceeding was discontinued without prejudice by stipulation dated November 5, 2007 ("State Court Action"), and

**WHEREAS**, all parties to this Stipulation desire to compromise and settle this action to avoid further delay, expense and uncertainty,

**NOW, THEREFORE**, in consideration of the mutual promises of the parties hereto, it is hereby stipulated and agreed, by and between the parties and their respective counsel, that this action is settled and discontinued, with prejudice and without attorneys' fees to either party, upon the following terms and conditions:

1.    The parties hereby agree that the caption of this action is amended to name the City as a defendant in this action.

2.    The Termination Notice is withdrawn.

3.    The terms of the Contract remain in full force and effect except as modified herein.

4.    All ADR Proceedings are discontinued, with prejudice. Upon execution of this Stipulation, any party may submit a copy of the Stipulation to the Comptroller.

5.    The HHS complaint is withdrawn, with prejudice. Upon execution of this Stipulation, any party may submit a copy of the Stipulation to HHS.

6.    Paragraph 1 of the stipulation of discontinuance in the State Court Action is amended to read that the proceeding is discontinued "with prejudice."

7.    Plaintiffs acknowledge and agree that the City is the owner of the entire property located at 150 and 154 First Avenue, New York, New York ("Property").

8.    Plaintiffs acknowledge and agree that CLDCC currently occupies the following space in the Property, which is more particularly described in Exhibit A hereto, specifically the colored portions of Exhibit A: on the First Floor, approximately 3232 square feet of interior space and approximately 5652 square feet of exterior space; on the Third Floor, approximately 4294 square feet of interior space ("Premises").

9.    Plaintiffs acknowledge and agree that the City has the right to immediate possession and occupancy of the Premises under the terms of this Stipulation.

10.    The parties agree that CLDCC may continue to occupy and remain in possession of the Premises until no later than June 30, 2008 (the "Vacate Date") provided that it complies with the terms and conditions of this Stipulation, including, without limitation, the following:

   a.    CLDCC shall vacate and surrender the Premises to the City on or before June 30, 2008. Time shall be of the essence with respect to CLDCC's vacatur and surrender of the Premises. CLDCC must remove all personal property from there by that date.

-3-

b.  The obligation of CLDCC to vacate the Premises as provided herein on the Vacate Date is absolute, and independent of any other right or obligation of any party hereunder or hereto.  The (i) alleged breach by any party to this Stipulation of any obligation hereunder, or (ii) delay of any nature or length in the process of renovation and rehabilitation of the Property, or (iii) failure to give notice of alternative space as set forth in ¶ 12 below, shall not be or constitute grounds for relief from CLDCC's obligation to vacate, and CLDCC agrees to make no application to this Court or to any other forum, including any Court, tribunal, administrative or legislative body, or governmental agency, for, or otherwise seek, relief from this obligation.

c.  In the event CLDCC fails to vacate the Premises by the Vacate Date, the City or its agents may use peaceable self-help to remove CLDCC there from.

d.  In no event shall either 122 Community Center Inc. ("122") or the City be required to serve upon CLDCC any predicate notices prior to exercising its right to use peaceable self-help including, but not limited to, serving notices to terminate, quit or vacate the Premises, and CLDCC explicitly waives any alleged right to be served with such notice before being required to vacate the Premises.

e.  Neither 122 nor the City shall be required to bring any action or proceeding in order to evict CLDCC from the Premises, and CLDCC explicitly waives any alleged right thereto.

-4-

f.  All personal property that remains at the Premises after the Vacate Date shall be deemed abandoned, and the City has the right to either keep or dispose of said personal property as it deems appropriate.

g.  CLDCC shall pay monthly use and occupancy ("U & O") to 122 in the amount of $5,050.28 through the Vacate Date, provided that ACS has released such sum to CLDCC under the terms of the Contract. Payment shall be due on the first day of the month. In the event CLDCC fails to make timely payment of the use and occupancy, and the default remains uncured for ten (10) business days after written notice to CLDCC of the default, the City shall have the right to use peaceable self-help to evict CLDCC from the Premises without further notice to CLDCC.

h.  Plaintiffs agree that they will not interfere with the rights of other occupants of the Property to quiet enjoyment.

i.  Plaintiffs agree not to interfere with or obstruct the lawful business operations of other occupants of the Property.

j.  Plaintiffs agree to abide by all fire safety requirements including the requirement to keep fire doors closed.

k.  Plaintiffs agree not to interfere with or hinder any effort to maintain or repair the Property.

l.  Plaintiffs agree not to interfere with or hinder lawful deliveries to the Property.

m.  Plaintiffs agree that the City and its employees and agents shall have the right to conduct walk-through(s) in all areas of the interior portion of the building

-5-

on the Property, and to walk around the exterior of the building on the Property, including entering the playground area upon the giving of two business days' written notice to plaintiffs' counsel by facsimile service.

n. Plaintiffs agree that the City and its employees and agents shall have the right to conduct preconstruction testing at the Property upon the giving of two business days' written notice to plaintiffs' counsel by facsimile service.

11. All of the terms of the expired Sublicense shall control except as modified herein.

12. The City will continue voluntarily to notify plaintiffs of any available space suitable for use as a Child Care Center of which it may become aware from the date hereof until April 30, 2008 It is expressly agreed and understood that the City has no obligation to look for suitable alternative space, or make alternative space available. Irrespective of Plaintiffs locating of alternate space to house its day care program, the City's rental obligation will remain at its current level, unaffected and undisturbed. Plaintiffs acknowledge and agree that the City's willingness to provide such notice as is described in this paragraph does not create any right or entitlement, nor any obligation of the City enforceable in a court of law or any administrative proceeding, or create any liability on the part of the City whatsoever. Plaintiffs acknowledge that ACS has previously notified them of available suitable space located at 255 East Houston Street, New York, New York and 180 Suffolk Street, New York, New York. Plaintiffs further acknowledge that they were unwilling to relocate to either or both of these two locations under the terms proposed by the City.

13. Whenever notice is to be provided hereunder by the City to plaintiffs, such notice shall be sent via facsimile to CLDCC's counsel, Arthur Z. Schwartz, Esq., 212 358 1353.

-6-

Any notices required to be given to the City hereunder shall be sent via facsimile to Joseph Cardieri, Esq., 212 341 0935, and Susan Rothschild, Esq., with simultaneous notice to be sent via facsimile to the City's counsel, Terri Feinstein Sasanow, Esq., 212 788 8871.

14.     CDLCC agrees that it shall not make any motion or bring any action or proceeding seeking to vacate or set aside this Stipulation or to challenge the enforceability of any of the provisions herein in any forum.

15.     CDLCC further agrees that it shall not seek a stay in any forum for any purpose, including but not limited to, to stay the Vacate Date or the City's right to use peaceable self help thereafter.  In the event CDLCC fails to comply with this provision, CDLCC shall be liable to the City for all related expenses, costs, disbursements, and attorney's fees.

16.     Plaintiffs agree that they, including CLDCC, its officers, members, employees and constituent parents or children, shall not take any steps to obstruct or interfere in any way with the City's or its agents' right to use peaceable self help to evict CLDCC from the Premises in the event CLDCC fails to vacate the Premises by the Vacate Date.

17.     Plaintiffs understand and agree that time is of the essence for their performance under the terms of this Stipulation, particularly with respect to CLDCC's vacatur of the Premises.

18.     Plaintiffs agree that this Stipulation bars them from hereafter asserting any claims arising out of or relating to the Contract or the License dated March 1, 1998 between the City, acting by and through the Department of Cultural Affairs, and 122, including, without limitation, any claims seeking occupancy or reoccupancy of the Premises, except as to any claims for breach of the Contract terms that may arise prospectively from the date hereof.

19.     This Stipulation shall not be admissible in, nor is it related to any other litigation or settlement negotiation, except as provided in ¶¶ 4, 5 and 6 above. Nothing contained herein shall constitute a policy or practice of the City of New York.

20.     The individual executing this Stipulation on behalf of CLDCC warrants and represents that (s)he is duly authorized and empowered to execute this Stipulation on behalf of CLDCC, that any necessary corporate resolution authorizing CLDCC to enter into this Stipulation has been duly executed, and that all plaintiffs executing this Stipulation have read this entire Stipulation, and have been advised by Counsel prior to executing same.

21.     The undersigned attorneys represent that they have the power and authority to enter into this Stipulation on behalf of their respective clients.

22.     This Stipulation constitutes the entire Settlement Agreement between the parties and fully supersedes and replaces any prior oral or written communications, representations, or understandings concerning the terms of this Stipulation.

23.     The parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Stipulation, except for those expressly set forth in this Stipulation.

24.     This Stipulation may not be modified, altered or changed except upon express written consent of an authorized representative of each of the parties, wherein specific reference is made to this Stipulation.

25.     This Stipulation may be executed in counterparts, and each counterpart shall constitute a duplicate original hereof. Facsimile signatures shall be deemed original signatures for all purposes.

26.    The Court shall retain jurisdiction to enforce the terms of this Stipulation

and resolve any disputes arising hereunder.

Dated:    New York, New York
          January 10 , 2008


SCHWARTZ, LICHTEN & BRIGHT, P.C.    MICHAEL A. CARDOZO
Attorneys for Plaintiffs                              Corporation Counsel of the
275 Seventh Avenue                                    City of New York
New York, New York 10001                         Attorney for Defendants
(212) 228-6320                                           100 Church Street, Room 3-115
                                                                New York, New York 10007
By:_____                              (212) 788-1282
      Arthur Z. Schwartz, Esq. (AS 2683)

                                                                By: _____
-                                                                  Terri Feinstein Sasanow (TS 5966)


CHILREN'S LIBERATION DAY CARE       THE CITY OF NEW YORK
CENTER
                                                                By:_____
By:    _____                             John B. Mattingly, Commissioner
      (Print Name and Title)                           Administration for Children's Services



HOWARD NOURIELI                              AMINATA MARAESA


SO ORDERED:



_____
       USDJ

-9-

Jan 10 2008 05:53pm
Received:
NYC LAW DEPARTMENT   Fax:212-788-0877   Jan 10 2008 18:14   P. 12

01-10-2008   17:45   From-Schwartz Lichten Bright                2123581958          T-231   P.002/003   F-145

01-04-2008   18:41   From-Schwartz Lichten Bright                2123581359          T-211   P.010/010   F-185

26. The Court shall retain jurisdiction to enforce the terms of this Stipulation
and resolve any disputes arising hereunder.

Dated:      New York, New York
            January      , 2008

SCHWARTZ, LICHTEN & BRIGHT, P.C.          MICHAEL A. CARDOZO
Attorneys for Plaintiffs                  Corporation Counsel of the
275 Seventh Avenue                          City of New York
New York, New York 10001                  Attorney for Defendants
(212) 228-6320                            100 Church Street, Room 3-115
                                          New York, New York 10007
                                          (212) 788-1282
By:
     Arthur Z. Schwartz, Esq. (AS 2683)
                                          By:
                                               Terri Feinstein Sasanow (TS 5966)

CHILDREN'S LIBERATION DAY CARE           THE CITY OF NEW YORK
CENTER
                                          By:
By:  HOWARD NOURIELI / CHAIRPERSON
     (Print Name and Title)

HOWARD NOURIELI                           AMINATA MARABSA

SO-ORDERED:

_____
         USDJ

-9-

26.   The Court shall retain jurisdiction to enforce the terms of this Stipulation and resolve any disputes arising hereunder.

Dated:      New York, New York
            January    , 2008

SCHWARTZ, LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiffs
275 Seventh Avenue
New York, New York 10001
(212) 228-6320

By:_____
    Arthur Z. Schwartz, Esq. (AS 2683)

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 3-115
New York, New York 10007
(212) 788-1282

By:_____
    Toni Feinstein Sampow (TS 5906)

CHILDREN'S LIBERATION DAY CARE CENTER

By: HOWARD NOURIELI / CHAIRPERSON
    (Print Name and Title)

HOWARD NOURIELI

THE CITY OF NEW YORK

By:_____

Aminata Maraesa / BAS project

AMINATA MARAESA

on consent of the parties

SO ORDERED: 1/14/07

USDJ
Sidney H. Stein

-9-